UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH PUCKETT,<br>            Plaintiff,<br><br>    v.<br><br>JUDGE JONES, et al.,<br><br>            Defendants. | 1: 05-CV-00447-REC-SMS<br><br>ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS (DOC. 3)<br><br>ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO FILE AN AMENDED COMPLAINT WITHIN THIRTY DAYS OF SERVICE OF THIS ORDER (DOC. 1)<br><br>ORDER DIRECTING THE CLERK TO SEND PLAINTIFF A BLANK CIVIL RIGHTS COMPLAINT FORM |

Plaintiff is a state prisoner at the Fresno County Jail proceeding pro se with an action for damages and other relief concerning alleged civil rights violations. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304.

I. Application to Proceed in Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to

1

proceed in forma pauperis will be granted.[1] 28 U.S.C. § 1915(a).

Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff is required to pay the statutory filing fee of $250.00 for this action.[2] Because Plaintiff has no funds, no initial partial filing fee will be assessed by this order. 28 U.S.C. § 1915(b)(1). Plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to Plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II. <u>Screening the Complaint</u>

The Court must screen complaints brought by prisoners seeking relief against a governmental entity or officer. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the Court determines that an allegation of poverty is untrue or that the action is 1) frivolous or malicious, 2) fails to state a claim upon which relief may be granted, or 3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b), 1915(e)(2).

The test for malice is a subjective one that requires the Court to determine whether the applicant is proceeding in good

---

[1] Plaintiff is advised that the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). The court will direct the United States Marshal to serve plaintiff's complaint only <u>after</u> the court has screened the complaint and determined that it contains cognizable claims for relief against the named defendants.

[2] The statutory filing fee for all but habeas corpus actions is $250.00. 28 U.S.C. § 1914, as amended effective February 7, 2005.

2

faith. <u>Kinney v. Plymouth Rock Squab. Co.</u>, 236 U.S. 43, 46 (1915); <u>see</u> <u>Wright v. Newsome</u>, 795 F.2d 964, 968 n. 1 (11th Cir. 1986). A lack of good faith is most commonly found in repetitive suits filed by plaintiffs who have used the advantage of cost-free filing to file a multiplicity of suits. A complaint may be inferred to be malicious if it suggests an intent to vex the defendants or abuse the judicial process by relitigating claims decided in prior cases, <u>Crisafi v. Holland</u>, 655 F.2d 1305, 1309 (D.C.Cir. 1981); if it threatens violence or contains disrespectful references to the Court, <u>id.</u>; or if it contains untrue material allegations of fact or false statements made with knowledge and an intent to deceive the Court, <u>Horsey v. Asher</u>, 741 F.2d 209, 212 (8th Cir. 1984).

In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, <u>Hospital Bldg. Co. v. Trustees of Rex Hospital</u>, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, <u>Resnick v. Hayes</u>, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

If the Court determines that the complaint fails to state a claim, leave to amend should be granted to the extent that the deficiencies of the complaint can be cured by amendment. <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). A complaint, or a portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the Plaintiff can prove no set of facts, consistent with the allegations, in support of the claim

1 or claims that would entitle him to relief. See <u>Hishon v. King &
2 Spalding</u>, 467 U.S. 69, 73 (1984), citing <u>Conley v. Gibson</u>, 355
3 U.S. 41, 45-46 (1957); see also <u>Palmer v. Roosevelt Lake Log
4 Owners' Ass'n., Inc.</u>, 651 F.2d 1289, 1294 (9th Cir. 1981).
5 Dismissal of a pro se complaint for failure to state a claim is
6 proper only where it is obvious that the Plaintiff cannot prevail
7 on the facts that he has alleged and that an opportunity to amend
8 would be futile. <u>Lopez v. Smith</u>, 203 F.3d at 1128.

9 Here, Plaintiff sues Judge Jones, Attorney Magill, Judge Kapetan, the District Attorney's Office, and the Superior Court. He seeks damages and equitable relief. He complains that he was convicted in 1996 of grand theft, apparently in the Superior Court of San Francisco. Subsequently, he entered into a plea bargain in December 2004 in the Fresno Superior Court that included pleading to a strike under California's Three Strikes Law, namely, a robbery that did not constitute part of Plaintiff's criminal record. Plaintiff complains that the District Attorney wrongfully filed the strike allegation, and that it caused him pain, suffering, and emotional distress. In March 2005 Plaintiff sought to withdraw the guilty plea, which precipitated Judge Kapetan's appointing a public defender, which Plaintiff alleged was a violation of his rights.

A. <u>Defendants' Conduct</u>

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law]
> . . . subjects, or causes to be subjected,
> any citizen of the United States. . . to the
> deprivation of any rights, privileges, or
> immunities secured by the Constitution. . .

4

>   shall be liable to the party injured in an
>   action at law, suit in equity, or other
>   proper proceeding for redress.  42 U.S.C. §
>   1983.

To state a claim pursuant to § 1983, a plaintiff must plead that defendants acted under color of state law at the time the act complained of was committed and that the defendants deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir. 1986).

Further, the statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Here, Plaintiff has failed to link each of the named defendants with some affirmative act or omission that resulted in an alleged deprivation of federally protected rights. Although the complaint must be dismissed, Plaintiff will be given an opportunity to amend to state a claim.

### B. Judicial Immunity

Plaintiff appears to allege that Judge Jones's conduct in accepting Plaintiff's plea and sentencing Plaintiff resulted in a

violation of Plaintiff's rights. Further, it appears that he is alleging that Judge Kapetan's conduct in appointing a public defender was a violation of his constitutional rights.

Absolute judicial immunity from damage actions under 42 U.S.C. § 1983 extends to judges for acts performed in their official capacities and to officers whose functions bear a close association to the judicial process. Demoran v. Witt, 781 F.2d 155, 156 (9th Cir. 1986); Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986). It appears that the actions of which Plaintiff complains are within the scope of judicial immunity.

### C. Prosecutorial Immunity

State prosecutors are absolutely immune from civil liability for acts taken in their official capacity that are closely associated with the judicial process, such as initiating prosecution and presenting the state's case. Imbler v. Pachtman, 424 U.S. 409, 427, 430-431 (1976); Milstein v. Cooley, 257 F.3d 1004, 1008 (9th Cir. 2001).

Plaintiff names the District Attorney's office as a defendant, apparently with respect to charging decisions. Such conduct would constitute conduct in the prosecutor's official capacity of prosecuting the case such that absolute immunity would attach.

### D. Invalidation of Plaintiff's Conviction

Moreover, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called

6

into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 487-88 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Id. at 488.

Plaintiff has not alleged that the underlying conviction or sentence has been reversed or otherwise invalidated by a state tribunal. Accordingly, the claim should be dismissed.

### E. Defendant Magill

To state a claim under section 1983, a plaintiff must plead (1) that the defendant acted under color of state law and (2) that the defendant deprived him of rights secured by the Constitution or federal statutes. Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir. 1986). Generally, private parties are not acting under color of state law. See Price v. Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991).

Plaintiff names attorney Magill as a defendant. It appears that Magill was acting as a private attorney in defendant Plaintiff in the criminal action. Plaintiff has not alleged facts showing how Defendant Magill was acting under color of state law.

Even if Magill was acting as Plaintiff's public defender, Plaintiff nevertheless has failed to allege facts showing how Defendant Magill has acted under color of state law. In order to recover under § 1983, Plaintiff must allege and prove that Defendants acted under color of state law to deprive Plaintiff of a right secured by the Constitution or federal statute. Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988). It is established that a public defender does not act

7

under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. Polk County v. Dodson, 454 U.S. 312, 317, 325 (1981); Rivera v. Green, 775 F.2d 1381, 1384 (9th Cir. 1985).

        F. Malice

It is not clear, but it is possible that Plaintiff is trying to relitigate issues determined in a prior action, including actions previously pending in this Court, such as Puckett v. Fresno Superior Court, CIV F 03 6161 REC DLB; Puckett v. Winchester, CV F 96-5207 OWW LJO, Puckett v. Hennessey, CV F 96-6057 AWI SMS, Puckett v. Duncan, CV F 98-5845 OWW HGB. If this is the case, is may be that Plaintiff's complaint is malicious and should be dismissed. However, because Plaintiff's complaint is so unclear, it is not possible to determine if the complaint is malicious.

    III. Dismissal with Leave to Amend the Complaint

In summary, the Court finds it necessary to dismiss the complaint in its entirety. Plaintiff has failed to state a cognizable claim against the Defendants and has failed to plead facts demonstrating jurisdiction in this Court. However, it is possible that Plaintiff can allege a set of facts, consistent with the allegations, in support of the claim or claims that would entitle him to relief. Thus, the Court will grant Plaintiff an opportunity to amend the complaint to cure the deficiencies of this complaint. Failure to cure the deficiencies will result in dismissal of this action without leave to amend.

In addition, Plaintiff is informed that the Court cannot refer to a prior pleading in order to make Plaintiff's amended

complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis IS GRANTED; and

2. Plaintiff IS OBLIGATED to pay the statutory filing fee of $250.00 for this action. No initial filing fee will be required. All fees shall be collected and paid in accordance with this court's order to the Fresno County Jail filed concurrently herewith; and

3. Plaintiff's complaint IS DISMISSED; and

4. The Clerk IS DIRECTED to send to Plaintiff a blank form for a civil rights complaint; and

5. Plaintiff IS GRANTED thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the pertinent substantive law, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint"; Plaintiff must file an original and one copy of the amended complaint; failure to file an amended complaint in accordance

9

1  with this order will be considered to be a failure to comply with
2  an order of the Court pursuant to Local Rule 11-110 and will
3  result in dismissal of this action.

4

5  IT IS SO ORDERED.

6  **Dated:   May 3, 2005**                              /s/ Sandra M. Snyder
   icido3                                       UNITED STATES MAGISTRATE JUDGE