UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH PUCKETT,<br>    Plaintiff,<br><br> v.<br><br>JUDGE JONES, et al.,<br><br>    Defendants. | 1: 05-CV-00447-REC-SMS<br><br>REPORT AND RECOMMENDATION TO DISMISS ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED (DOC. 9) |

Plaintiff, previously a state prisoner at the Fresno County Jail, is now out of custody and is proceeding pro se with an action for damages and other relief concerning alleged civil rights violations. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304.

I. Screening the Complaint

The Court must screen complaints brought by prisoners seeking relief against a governmental entity or officer. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the Court determines that an allegation of poverty is untrue or that the action is 1) frivolous or malicious, 2) fails

1

to state a claim upon which relief may be granted, or 3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b), 1915(e)(2).

In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

If the Court determines that the complaint fails to state a claim, leave to amend should be granted to the extent that the deficiencies of the complaint can be cured by amendment. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). A complaint, or a portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the Plaintiff can prove no set of facts, consistent with the allegations, in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners' Ass'n., Inc., 651 F.2d 1289, 1294 (9th Cir. 1981). Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the Plaintiff cannot prevail on the facts that he has alleged and that an opportunity to amend would be futile. Lopez v. Smith, 203 F.3d at 1128.

Here, Plaintiff filed his initial complaint on April 6, 2005. His complaint was dismissed with leave to amend by the

Court's order dated May 4, 2005. Plaintiff filed a first amended complaint (FAC) on May 23, 2005.

The FAC is substantially a repetition of Plaintiff's original complaint. Plaintiff sues Judge Jones, Attorney Magill (his counsel in 1996), Judge Kapetan, the District Attorney's Office, and the Superior Court judges. He seeks damages and equitable relief. He complains that he was convicted in 1996 of grand theft, apparently in the Superior Court of San Francisco. Subsequently, he entered into a plea bargain in December 2004 in the Fresno Superior Court that included pleading to a strike under California's Three Strikes Law, namely, a robbery with a gun, that did not constitute part of Plaintiff's criminal record. However, a transcript of the proceedings held on December 14, 2004, which is appended to the FAC, reveals that Judge Kapetan noted that the prior conviction alleged as a strike was amended to reflect a charge of violating Penal Code § 487(c), which would not be a strike. Further, the transcript reveals that the enhancement was stricken for sentencing purposes, and prison priors were stricken; Plaintiff was found eligible for Proposition 36 probation, imposition of sentence was suspended for two years, and Plaintiff was placed on two years' formal probation. Plaintiff complains that the District Attorney wrongfully, with malice, and in bad faith filed the strike allegation, and that it caused him pain, suffering, and emotional distress. In March 2005 Plaintiff sought to withdraw the guilty plea, which precipitated Judge Kapetan's appointing a public defender, which Plaintiff alleges was a violation of his rights. Plaintiff alleges generally the following:

> 1. The defendants were acting under color of state law. 2. and deprived plaintiff of rights secured by the Constitution of federal statutes sections 1985(3) cause of action for damages to argue who is injured by a conspiracy furned (sic) for the purposes of depriving (him) either directly or indirectly or of the equal protection of the laws, of equal privileges and immunities under the laws.

(FAC at 4.) No facts are alleged concerning a conspiracy, although Plaintiff states:

> Now that the damage been done plaintiff has served an unlaw (sic) sentence that happen in 1996, now that over plaitiff (sic) is allegeding (sic) a pervasive pattern of illegal and unconstitutional affirmative links between times of certain incident.

(Id.)

A. Defendants' Conduct

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States. . . to the deprivation of any rights, privileges, or immunities secured by the Constitution. . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.  42 U.S.C. § 1983.

To state a claim pursuant to § 1983, a plaintiff must plead that defendants acted under color of state law at the time the act complained of was committed and that the defendants deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir. 1986).

Further, the statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.

4

1  See Monell v. Department of Social Services, 436 U.S. 658
2  (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit
3  has held that "[a] person 'subjects' another to the deprivation
4  of a constitutional right, within the meaning of section 1983, if
5  he does an affirmative act, participates in another's affirmative
6  acts or omits to perform an act which he is legally required to
7  do that causes the deprivation of which complaint is made."
8  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).
9       Here, Plaintiff has failed to link each of the named
10 defendants with some affirmative act or omission that resulted in
11 an alleged deprivation of federally protected rights.
12           B. Judicial Immunity
13      However, Plaintiff appears to allege that Judge Jones's
14 conduct in accepting Plaintiff's plea and sentencing Plaintiff
15 resulted in a violation of Plaintiff's rights. Further, it
16 appears that he is alleging that Judge Kapetan's conduct in
17 appointing a public defender was a violation of his
18 constitutional rights.
19      Absolute judicial immunity from damage actions under 42
20 U.S.C. § 1983 extends to judges for acts performed in their
21 official capacities and to officers whose functions bear a close
22 association to the judicial process. Demoran v. Witt, 781 F.2d
23 155, 156 (9th Cir. 1986); Ashelman v. Pope, 793 F.2d 1072, 1075
24 (9th Cir. 1986). The allegations of the FAC refer to actions on
25 the part of judges that are within the scope of judicial
26 immunity. Although Plaintiff states that the Defendants are sued
27 in their personal capacities as well as their official
28 capacities, all allegations regarding judges relate to their

5

official conduct. Thus, the claims against the judges are barred.

### C. Prosecutorial Immunity

State prosecutors are absolutely immune from civil liability for acts taken in their official capacity that are closely associated with the judicial process, such as initiating prosecution and presenting the state's case. Imbler v. Pachtman, 424 U.S. 409, 427, 430-431 (1976); Milstein v. Cooley, 257 F.3d 1004, 1008 (9th Cir. 2001).

Plaintiff names the District Attorney's office as a defendant, apparently with respect to charging, plea, and sentencing decisions. Such conduct would constitute conduct in the prosecutor's official capacity of prosecuting the case such that absolute immunity attaches. Thus, Plaintiff's claims against the District Attorney's office are barred.

### D. Invalidation of Plaintiff's Conviction

Moreover, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 487-88 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Id. at 488.

Plaintiff has not alleged that the underlying conviction or sentence has been reversed or otherwise invalidated by a state tribunal. Accordingly, the claim should be dismissed.

1        E. <u>Defendant Magill</u>

2     To state a claim under section 1983, a plaintiff must plead
3  (1) that the defendant acted under color of state law and (2)
4  that the defendant deprived him of rights secured by the
5  Constitution or federal statutes. <u>Gibson v. United States</u>, 781
6  F.2d 1334, 1338 (9th Cir. 1986). Generally, private parties are
7  not acting under color of state law. <u>See</u> <u>Price v. Hawaii</u>, 939
8  F.2d 702, 707-08 (9th Cir. 1991).

9     Plaintiff names attorney Magill as a defendant. It appears
10 that Magill was acting as a private attorney in defendant
11 Plaintiff in the criminal action. Plaintiff has not alleged facts
12 showing how Defendant Magill was acting under color of state law.

13    Even if Magill was acting as Plaintiff's public defender,
14 Plaintiff nevertheless has failed to allege facts showing how
15 Defendant Magill has acted under color of state law. In order to
16 recover under § 1983, Plaintiff must allege and prove that
17 Defendants acted under color of state law to deprive Plaintiff of
18 a right secured by the Constitution or federal statute. <u>Karim-</u>
19 <u>Panahi v.Los Angeles Police Dept</u>., 839 F.2d 621, 623 (9th Cir.
20 1988). It is established that a public defender does not act
21 under color of state law when performing a lawyer's traditional
22 functions as counsel to a defendant in a criminal proceeding.
23 <u>Polk County v. Dodson</u>, 454 U.S. 312, 317, 325 (1981); <u>Rivera v.</u>
24 <u>Green</u>, 775 F.2d 1381, 1384 (9th Cir. 1985).

25       F. <u>Malice</u>

26    In this action, Plaintiff is attempting to relitigate issues
27 determined in prior actions. In <u>Puckett v. Fresno Superior Court</u>,
28 CIV F 03 6161 REC DLB, the Court dismissed Plaintiff's

7

allegations against Judge Jones and attorney Magill on the basis of judicial immunity and absence of actions under color of law. (Findings and Recommendations filed November 6, 2003, adopted on March 25, 2004). In Puckett v. Duncan, CV F 98-5845 OWW HGB P, the Court denied plaintiff's habeas corpus petition, in which Plaintiff challenged his 1996 plea as coerced and the assistance of attorney Magill as ineffective. (Findings and Recommendation dated February 18, 2000, adopted on October 16, 2002.) Thus, it is inferred that to the extent that Plaintiff is seeking to relitigate issues already litigated, Plaintiff's complaint is malicious and should be dismissed.

G. Conspiracy

In the FAC, Plaintiff appears to mention a claim for relief pursuant to 42 U.S.C. § 1985(3). The second clause of section 1985(2) proscribes conspiracies for the purpose of impeding the due course of justice in any state, with the intent to deny equal protection of the laws, and section 1985(3) proscribes conspiracies to deny equal protection of the law or equal privileges and immunities.[1] Coverdell v. Dep't. of Soc. and Health Svcs., State of Washington, 834 F.2d 758, 767 (9th Cir. 1987). An allegation of racial or class-based discrimination is required to state a claim for relief under either the second clause of section 1985(2) or section 1985(3). Bretz v. Kelman, 773 F.2d 1026, 1028-1030 (9th Cir. 1985). No such allegation or basis for such an allegation appears in either of Plaintiff's

---

[1] "The first clause of 1985(2) concerns conspiracy to obstruct justice in the federal courts, or to intimidate a party, witness or juror in connection therewith" Bretz v. Kelman, 773 F.2d 1026, 1028 n.3 (9th Cir. 1985) and is not applicable.

1 complaints filed in this action.

2 To the extent that Plaintiff alleges a conspiracy under §
3 1983, Plaintiff must allege some facts with respect to the
4 conspiracy. In the context of conspiracy claims brought pursuant
5 to section 1983, such a complaint must "allege specific facts to
6 support the existence of a conspiracy among the defendants."
7 Buckey v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir.
8 1992); Karim-Panahi v. Los Angeles Police Department, 839 F.2d
9 621, 626 (9th Cir. 1988). Plaintiff must allege that defendants
10 conspired or acted jointly in concert and that some overt act was
11 done in furtherance of the conspiracy. Sykes v. State of
12 California, 497 F.2d 197, 200 (9th Cir. 1974).

13 Plaintiff has not alleged any facts supporting the existence
14 of a conspiracy among defendants. Further, Plaintiff has not
15 alleged facts demonstrating that defendants violated his
16 constitutional rights. In order to state a cognizable claim for
17 relief for conspiracy, Plaintiff must establish that defendants
18 conspired to violate an underlying constitutional right.

19 II. Conclusion

20 In view of the nature of Plaintiff's claims, it does not
21 appear that Plaintiff could allege facts sufficient to state a
22 claim. In its order dismissing the original complaint, the Court
23 notified Plaintiff of all defects except those pertaining to the
24 newly asserted, vague allegations of conspiracy. Plaintiff has
25 had an opportunity to remedy the defects, but Plaintiff has not
26 remedied the defects; the allegations remain essentially the
27 same. There is thus no basis for inferring that it is possible
28 that Plaintiff can remedy the defects outlined hereinabove. It

appears that giving Plaintiff another opportunity to amend the complaint would be futile.

III. <u>Recommendation</u>

Accordingly, it IS RECOMMENDED that

1. The complaint BE DISMISSED without leave to amend and with prejudice for failure to state a claim; and

2. The Clerk of Court BE DIRECTED to enter judgment for Defendant because the dismissal would terminate the action in its entirety.

This report and recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   May 26, 2005**                    /s/ Sandra M. Snyder
icido3                                        UNITED STATES MAGISTRATE JUDGE